IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James D. Fountain, ) | C/A No. 0:12-2704-JMC-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security,[1] ) | |
| Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, James D. Fountain ("Fountain"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further consideration as explained below.

## ADMINISTRATIVE PROCEEDINGS

In June 2009, Fountain applied for DIB and SSI, alleging disability beginning March 7, 2009. Fountain's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 26, 2011, at which Fountain, who was represented by Timothy Clardy, Esquire, appeared and testified. The ALJ issued

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



a decision on March 1, 2011 denying benefits and concluding that Fountain was not disabled. (Tr. 25-34.)

Fountain was born in 1970 and was thirty-nine years old at the time of his alleged disability onset date. He has a limited education and past relevant work experience as a drywall mechanic and an automobile mechanic. (Tr. 178, 183.) Fountain alleged disability since March 7, 2009 due to "both hands and shoulders, left ankle, severe panic attacks, depression, PTSD, skin cancer (level unknown)". (Tr. 177.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in substantial gainful activity since March 11, 2009, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe combination of impairments: status post left upper extremity injury; degenerative joint disease, mild spondylosis of the cervical spine, anxiety, and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. . . . [T]he claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 4163967(b) as follows: The claimant can lift and carry 20 pounds occasionally, 10 pounds frequently and can sit, stand, walk for six hours of an 8-hour day. He can push/pull 10 pounds occasionally with the left upper extremity. The claimant can occasionally climb ladders, ropes, and scaffolds, can frequently stoop, kneel, crouch, crawl, and balance. The claimant is capable of occasional reaching, handling, and fingering with the left upper extremity. Finally, the claimant would have moderate mental limitations but could concentrate, persist and work at a pace to do simple, repetitive, routine tasks at level three reasoning per the DOT, for extended periods say 2-hour periods in an 8-hour day,



>   interact occasionally with the public, and interact appropriately with co-workers and supervisors in a stable routine setting.
>
>   \* \* \*
>
> 6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
>     \* \* \*
>
> 7.  The claimant was born . . . [in] 1970, and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>     \* \* \*
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from March 11, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 27-34.) The Appeals Council denied Fountain's request for review on July 26, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.



§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. §§ 404.1520(h), 416.920(h).



obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Fountain raises the following issues for this judicial review:

1.  Did the ALJ err by not assigning controlling weight to the opinions of Dr. Ernest Martin, Claimant's treating psychiatrist of approximately 9 years, that Claimant has disabling mental impairments?

2.  Did the ALJ err as a matter of law by failing to evaluate Claimant's subjective complaints under the regulatory factors set forth in SSR 96-7p and 20 C.F.R. § 404.1529?



3.  Did the ALJ err by not following the "slight abnormality" standard in failing to find that Claimant's carpal tunnel syndrome, bilateral shoulder impingement syndrome, and post traumatic stress disorder are severe impairments?

4.  Did the ALJ err by failing to properly consider the side effects from Claimant's medications on his ability to work as required in SSR 96-7p and SSR 96-8p?

5.  Did the ALJ err in according "considerable weight" to the opinion of examining consulting psychologist, Dr. Brian Keith, then subsequently rejecting a specific finding of Dr. Keith that Claimant is "capable of only one-step tasks"?

6.  Did the ALJ err by failing to consider the cumulative effect of the combination of Claimant's mental and physical impairments on the residual functional capacity assessment?

7.  Did the ALJ err by not giving proper consideration to the testimony of the vocational expert that there are no jobs available in the local or national economy that Claimant can perform due to the severity of his physical impairments?

(Pl.'s Br., ECF No. 15.)

## DISCUSSION

**A.     Dr. Ernest Martin**

Fountain first contends that the ALJ erred in weighing the opinions of Dr. Ernest Martin, Fountain's treating psychiatrist. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list:  (1) whether the




physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id., at *5.

The record reveals that Dr. Martin began treating Fountain in 2001. On April 6, 2010, Dr. Martin completed a Psychiatric Review Technique Form opining that Fountain met Listings 12.01,



12.06, and 12.07. (Tr. 392-405.) Also on April 6, 2010, Dr. Martin completed a Medical Source Statement, opining that Fountain could frequently follow work rules, use judgment, follow simple job instructions, maintain personal appearance, and relate predictably in social situations; could occasionally relate to co-workers, interact with supervisors, function independently, maintain attention/concentration, follow detailed job instructions, and behave in an emotionally stable manner; could rarely deal with the public, deal with work stresses, follow complex job instructions, and demonstrate reliability. (Tr. 390-91.)

> In weighing Dr. Martin's opinions the ALJ's decision reflects the following:
>
> The undersigned gives little weight to the April 6, 2010 opinion of Dr. Ernest C. Martin. Dr. Martin said that the claimant could rarely deal with the public or work stresses, and was disabled and unable to work (Exhibits B20F and B23F). These check-box type opinions are not supported by accompanying specific findings showing these problems persist and are not supported by the treating notes or the longitudinal record.
> . . . .
> Opinions on issues reserved to the Commissioner, such as that of Dr. Ernest C. Martin can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or are contradicted by persuasive evidence (20 CFR 404.1527(d), 20CFR 4l6.927(d)(2), and Social Security Ruling 96-5p). In this case, Dr. Martin's opinion is given little weight, as the evidence of record does not support it, nor is it consistent with the record in its entirety.

(Tr. 29.)

Upon review of the parties' briefs and the ALJ's order, the court finds that the ALJ's decision fails to reflect that he properly considered the applicable factors in weighing these opinions from Fountain's treating psychiatrist. Moreover, although the ALJ indicates that Dr. Martin's opinions are unsupported and inconsistent with the record and his own treatment notes, the ALJ merely states this finding in a conclusory fashion. Accordingly, the court is unable to determine whether the ALJ's



opinion is supported by substantial evidence and recommends that this matter be remanded for further consideration of Dr. Martin's opinions in accordance with the applicable law discussed above.

**B.     Other Issues**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Fountain's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Fountain may present his remaining arguments on remand. To the extent that the Commissioner concedes that the ALJ erred in other aspects of the opinion but argues that those errors are harmless, these errors may also be addressed on remand.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 18, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).